## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA SOLOMON** ) | |
| **6614 Charles Green Square** ) | |
| **Alexandria, VA 22315** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **C.A. No.** |
| ) | |
| **MIKE JOHANS, in his official** ) | |
| **capacity as** ) | |
| **SECRETARY OF AGRICULTURE,** ) | |
| **1400 Independence Ave., S.W.** ) | |
| **Washington, D.C.  20250** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### COMPLAINT
**(Violation of the Rehabilitation Act of 1973, the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964)**

### I.  Jurisdiction and Venue

1.      This is an action for violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*, the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*  that arises out of the failure of the Department of Agriculture to extend to Linda Solomon the reasonable accommodation for her disability of depression required by law. As a result of defendant's failure to comply with its legal obligations under the Rehabilitation Act, ADEA and Title VII, Solomon was forced to submit her application for and accept disability retirement.  This court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

2.      Venue is proper in the District of Columbia, where Solomon was previously employed

and where her personnel records were kept.

## II.  Parties

3.      Plaintiff, Linda Solomon, is a citizen of the United States who, at all relevant times, was at all time relevant a career employee of  the U.S. Department of Agriculture.  Solomon is an African-American woman who is 53 years old.

4.      Defendant, the Secretary of Agriculture,  is sued in his official capacity for violations of the Rehabilitation Act, ADEA, and Title VII because his agents failed to extend reasonable accommodation of a flexible schedule to Solomon, discriminated against her on the basis of age and retaliated against her for prior EEO activity.

## III.  Background Facts

5.      Plaintiff began working for the Department of Agriculture and was promoted to a position as a Budget Analyst, GS-13 in the Rural Development Agency in the U.S. Department of Agriculture.  Prior to her involuntary retirement, Solomon had worked for the federal government for more than thirty-one years.

6.      On June 18, 2002 Solomon filed a formal complaint of discrimination of discrimination against the Department of Agriculture, Case # 020600, alleging discrimination on the basis of race (African-American), color (Black) and Reprisal (former EEO activity) in connection with her nonselection for a promotion to a GS-560-14 position as Supervisory Budget Analyst.

7.      Although she had struggled with depression for many years, she was able to overcome this disability.  In 2004, Solomon was awarded a "Superior" performance rating.

8.      However, a combination of events in early 2004 overwhelmed Solomon and she was unable to work.  On March 2, 2004, Solomon e-mailed her supervisor explaining she was absent due

to her medical condition.

9.      On March 24, 2004, Solomon's doctor requested a flexible work schedule for her and provided additional information regarding Solomon's condition.

10.     On June 2, 2004, Solomon's doctor advised the Department that Solomon was completely unable to work and that when she returned to work, she should return on a part-time basis.

11.     For most of this time period, Solomon was on "Leave Without Pay." The resulting loss of income increased the stress level for Solomon and exacerbated her condition.

12.     Solomon made repeated requests for advance sick leave and sought to benefit from the Department of Agriculture's program which allowed its employees with unused sick leave to donate such sick leave to employees such as Solomon who had exhausted their sick leave.

13.     The Department denied Solomon's request for advanced sick leave and refused to allow Solomon to participate in the program where she could receive donations of leave from other employees.

14.     The Department denied Solomon's request to work at home and telecommute.

15.     Solomon even offered to accept a voluntary downgrade to a less stressful position. Management rejected this offer.

16.     Management proposed to charge Solomon with being Absent Without Leave ("AWOL"), even though Solomon's treating psychiatrist advised the department that Solomon was still under his professional care and that Solomon's condition prevented her from attending work.

17.     As a result of defendant's actions, including the failure to allow her reasonable accommodation and the refusal to allow Solomon to participate in the advance sick leave program,

3

Solomon was forced to apply for disability retirement, which was granted by the Office of Personnel Management ("OPM").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.     Solomon timely filed informal and formal complaints of discrimination on the basis of color, race, age disability and retaliation.

19.     On May 12, 2005, the Department accepted Solomon's claim that she was subjected to discrimination on the basis of her age, disability and reprisal (prior EEO activity) when the agency:

A.     failed to provide reasonable accommodation for complainant's disability;

B.     denied Solomon's request for advanced sick leave; and

C.     forced Solomon to file for disability retirement.

20.     However, the Department refused to investigate the claim that it had accepted on May 12, 2005.  As a result, Solomon was forced to appeal to the Merit Systems Protection Board ("MSPB") without benefit of the administrative record the Department was required by law to produce.

21.     Solomon exhausted her administrative remedies by filing a mixed case appeal with the MSPB.  The MSPB issued a final decision rejecting Solomon's claims on June 20, 2007.

22.     On June 29, 2007, Solomon filed a timely petition with the Equal Employment Opportunity Commission ("EEOC") asking for a review of the MSPB's Final Order.  The EEOC issued its final decision on August 8, 2007, advising Solomon she had the right to file suit in U.S. District Court.

23.     This suit is filed within thirty days of Solomon's receipt of the decision from EEOC.

4

## COUNT I
## (Violation of the Rehabilitation Act)

24.    Plaintiff repeats and incorporates by reference all of the allegations set forth in ¶¶1 through 23 above.

25    Defendant's refusal to accommodate Solomon by providing reasonable accommodation for her disability and denying her advanced sick leave; and forcing Solomon to file for disability retirement violated the Rehabilitation Act.

## COUNT II
## (Violation of ADEA and Title VII)

26    Plaintiff repeats and incorporates by reference all of the allegations set forth in ¶¶1 through 25 above.

27    Defendant's refusal to accommodate Solomon by providing reasonable accommodation for her disability and denying her advanced sick leave; and forcing Solomon to file for disability retirement was motivated by discriminatory animus based on Solomon's age and/or her prior protected activity.

## RELIEF REQUESTED

A.    Declare defendant's policies and practices as described above violate the Rehabilitation Act, ADEA, and  Title VII of the Civil Rights Act of 1964.

B.    Enjoin defendant from engaging in employment practices and procedures that operate to discriminate on the basis of handicap, age and/or prior protected activity;

C.    Reinstate Solomon to her GS-13 Budget position;

D.    Award Solomon back pay and compensatory damages in the amount of $300,000;

E.    Award Solomon costs, expenses, and reasonable attorney's fees; and

5

F.     Grant Solomon such other and further relief as the Court may consider just and proper.

Respectfully submitted,

_____
John F. Karl, Jr. #292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Plaintiff

## JURY DEMAND

Plaintiff respectfully requests a jury trial in the above matter.

_____
John F. Karl, Jr.

## CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

**I (a) PLAINTIFFS**

*Linda Solomon*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88881
(EXCEPT IN U.S. PLAINTIFF CASES)

*Fairfax, VA*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*John Karl, Karl + Tarone*
*202 393-3300*

**DEFENDANTS**

*Mike Johans, Secretary of Agriculture*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

ATTO

Case: 1:07-cv-01590
Assigned To : Bates, John D.
Assign. Date : 9/7/2007
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHI**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
□ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
*Rehabilitation Act, Title VII ADEA - Failure to accommodate*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 □   DEMAND $ *300,000*   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES ☒ NO   If yes, please complete related case form.

DATE *9/7/07*   SIGNATURE OF ATTORNEY OF RECORD *John F Karl Jr*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.