UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LINDA SOLOMON,</br></br>    Plaintiff,</br></br>v.</br></br>CHUCK CONNER,</br>U.S. SECRETARY OF AGRICULTURE,</br></br>    Defendant. | )</br>)</br>)</br>)  Civil Action No. 07-1590 (JDB)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

## ANSWER

Defendant, Chuck Conner, Acting Secretary for the United States Department of Agriculture ("Defendant"), by and through undersigned counsel, files this Answer to plaintiff Linda Solomon's Complaint. Note that Mike Johanns resigned as Secretary of the U.S. Department of Agriculture in September 2007 and the Honorable Chuck Conner is currently serving as Acting Secretary, and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim over which relief can be granted pursuant to Federal rule of Civil Procedure 12(b)(6).

Defendant answers the specific numbered paragraphs of the Complaint as follows:

1.    Defendant admits that Plaintiff brings this action for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq.*, the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 19674, 42 U.S.C. § 2000e *et seq.*, but denies the remaining allegations contained in the first sentence of paragraph 1. Defendant denies the

allegations contained in the second sentence of paragraph 1. The allegations contained in the third sentence of paragraph 1 are jurisdictional in nature, and as such do not require an answer.

2.  The allegations contained in paragraph 2 concern the propriety of Plaintiff's chosen venue, and as such do not require an answer.

3.  Defendant admits the allegations contained in paragraph 3.

4.  Defendant admits that the Secretary of Agriculture is sued in his official capacity for alleged violations of the Rehabilitation Act, ADEA, and Title VII but denies the remaining allegations contained in paragraph 4.

5.  Defendant admits the allegations contained in the first sentence of paragraph 5. Defendant admits the allegations contained in the second sentence of paragraph 5, except to deny that Plaintiff's retirement was "involuntary".

6.  Defendant admits the allegations contained in paragraph 6.

7.  Defendant lacks information or belief to either admit or deny the allegations contained in the first sentence of paragraph 7. With respect to the allegations contained in the second sentence of paragraph 7, Defendant admits that Plaintiff received a superior performance appraisal dated February 6, 2004, for the evaluation period of October 1, 2002, through September 30, 2003.

8.  Defendant lacks information or belief to either admit or deny the allegations contained in the first sentence of paragraph 8. Defendant admits the allegations contained in the second sentence of paragraph 8.

9.  Defendant admits that Plaintiff's psychologist prepared a letter dated March 24, 2004, which was provided to Plaintiff's immediate supervisor on or about March 29, 2004. For further response, Defendant states that the letter speaks for itself.

10. Defendant admits that Plaintiff's psychologist prepared a letter dated June 2, 2004, but is unable to determine when the letter was provided to USDA. For further response, Defendant states that the letter speaks for itself.

11. Defendant admits that during the period between April 24, 2004, and Plaintiff's disability retirement on January 7, 2005, Plaintiff was on Leave without Pay status for an extended period of time. Defendant is unable to either admit or deny the allegations contained in the second sentence of paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits that Plaintiff's request for advanced sick leave was denied, because the Agency was uncertain whether Plaintiff would ultimately return to work and thereby be able to repay any advanced sick leave. Defendant denies that it refused to allow Plaintiff to participate in the leave donor program and, in fact, Plaintiff received approximately 56 hours in donated leave from this program.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant admits the allegations contained in paragraph 19.

20. With respect to the allegations contained in the first sentence of paragraph 20, Defendant admits that the Department did not investigate Plaintiff's claim. Defendant denies the allegations contained in the second sentence of paragraph 20.

21.     Defendant admits the allegations contained in paragraph 21, except to state that the MSPB's final decision was issued on June 19, 2007.

22.     Defendant admits the allegations contained in paragraph 22.

23.     Defendant admits the allegations contained in paragraph 23.

24.     Defendant restates his responses to paragraphs 1 through 23.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant restates his responses to paragraphs 1 through 25.

27.     Defendant denies the allegations contained in paragraph 27.

The remainder of plaintiff's complaint is plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby specifically denies each and every allegation contained in plaintiff's complaint not hereinbefore otherwise answered.

In addition, Defendant avers that 42 U.S.C. § 1981a(b) caps Plaintiff's damages at a maximum of $300,000.00, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

WHEREFORE, Defendant demands as follows:

1. Judgment in his favor and against Plaintiff;

2. For all costs incurred herein; and

3. For any and all relief to which it may appear to be entitled.

January 28, 2008                                    Respectfully submitted,

 

--------------------------------------

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

--------------------------------------

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
--------------------------------------

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov