UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LINDA SOLOMON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHUCK CONNOR, in his official )<br>capacity as SECRETARY OF )<br>AGRICULTURE, )<br>)<br>Defendant. )<br>) | Civil A. No. 07-01590 (JDB) |

## STIPULATED PROTECTIVE ORDER

This civil action brought pursuant to the Rehabilitation Act may involve the production and use of personally sensitive medical information and other confidential information that should not be made publicly available, including information that may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a. In order to permit the parties to discover information relevant to this case without undermining such confidentiality concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for plaintiff information covered by the Privacy Act, 5 U.S.C. § 552a, whether such release is pursuant to discovery or otherwise in this case.

2. Counsel for either party to this litigation may initially designate as "protected" hereunder any material exchanged, produced, or obtained in this case if counsel deems, in good faith, that release of such material would otherwise constitute an unreasonable invasion of

Case 1:07-cv-01590-JDB    Document 14    Filed 06/27/2008    Page 2 of 10

privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

3.  In designating material as protected, the party so designating it shall identify the protected material with specificity in writing. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

4.  Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

    (a)  Protected material may be used for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) plaintiff and counsel for plaintiff, such counsel's firm and its employees, witnesses offered either by the plaintiff and/or the defendant, and outside consultants and experts retained by plaintiff to assist such counsel, specifically for purposes of this litigation; (ii) the person to whose privacy interests the Privacy Act restrictions are meant to protect with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); (iii) counsel for the defendant, other employees of the United States government, or other individuals who have a need to review the protected material for the defense or prosecution of this case, including outside consultants or

Case 1:07-cv-01590-JDB    Document 14    Filed 06/27/2008    Page 4 of 10

experts retained by the defendant, specifically for purposes of this litigation; or (iv) the Court and any court reporters (including at depositions).

    (b)    It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants and experts to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

    (c)    The filing of materials designated under this order shall conform with Local Civil Rule 5.4(f).(d)    All copies made of any material that is subject to this order shall be clearly labeled as containing protected material and shall at the request of the designating party be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals).  Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

5.    By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

6.    The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

Case 1:07-cv-01590-JDB     Document 14     Filed 06/27/2008     Page 6 of 10

7. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

8. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

9. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

10. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

11. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

It is so ORDERED by the Court this 26th day of June, 2008.

_____
United States District Judge

Case 1:07-cv-01590-JDB   Document 14   Filed 06/27/2008   Page 8 of 10

The parties so stipulate.

                                                /s/
                                JOHN F. KARL, JR.. #292458
                                900 17th Street, NW

                                Suite 1250
                                Washington, DC 20006
                                202.293.3200
                                202.429.1851 (fax)

                                **Counsel for Plaintiff**


                                                /s/
                                JEFFREY A. TAYLOR, D.C. BAR #498610
                                United States Attorney

                                                /s/
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

                                                /s/
                                HARRY B. ROBACK, DC Bar # 485145
                                Assistant United States Attorney
                                555 Fourth St., N.W.
                                Washington, D.C.  20530
                                Phone: (202) 616-5309
                                Fax: (202) 514-8780
                                Harry.roback@usdoj.gov

                                **Counsel for Defendant**

Case 1:07-cv-01590-JDB    Document 14    Filed 06/27/2008    Page 10 of 10